The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request, on behalf of the Mayor of Searcy, for an opinion on the following question:
 When a full-time municipal firefighter retires with twenty years of service and he has accumulated sixty days of sick leave the City of Searcy pays the firefighter the equivalence of three months salary. In paying the three months salary, do you withhold the 6% pension contribution and the city's match of this percentage from his pay?
It is my opinion that the answer to this question is generally "no." There may be one exception, and that is where the city has passed an ordinance to authorize the inclusion of such amounts as "salary" for purposes of calculating benefits to the firefighter.
The statues governing local firefighters' pension plans are set out at A.C.A. §§ 24-11-801 through -830 (1987 and Cum. Supp. 1993). Section24-11-816 provides, in relevant part, that each full-paid firefighter who desires that he and his beneficiaries participate in the firemen's relief and pension fund of the city shall file a statement with the board of trustees to this effect. A.C.A. § 24-11-816(a)(1). The statement so filed authorizes the governing body of the city to deduct from the firefighter's "salary" a percentage, not less than 6%, approved by the local board. A.C.A. § 24-11-816(a)(2). The term "salary" for purposes of this statute is defined as "recurring pays which are received for the fire fighter's regularly scheduled work week and shall not include,
except as otherwise provided in subdivision (a)(1)(B) of this section,payments for unused accrued sick leave or annual leave of the cash value of any nonrecurring or unusual remunerations." A.C.A. §24-11-818(a)(1)(A) (Cum. Supp. 1993). Thus, as a general matter, unused accrued sick leave is not counted as "salary" for purposes of A.C.A. §24-11-816(a)(2), and a city is therefore not authorized to deduct the six percent firefighter's contribution from this amount. Neither is this amount generally counted as "salary" for the purposes of computing pension benefits. An exception to this rule, however, was adopted in 1993. Act 546 of 1993, now codified at A.C.A. § 24-11-818(a)(1)B) provides that:
 The term "salary" may include the payments to fire fighters for unused accrued sick leave not to exceed ninety (90) work days recorded on the records of the city or town as of the fire fighter's date of retirement, provided the municipality agrees, by ordinance, to make adequate contributions to the fund to cover the additional costs for the benefits from the increased salary and the fund is judged by an actuarial determination to be actuarially sound. The board of trustees shall determine the actuarial costs of the payments of the unused accrued sick leave to the fund.
This new provision includes payments for unused accrued sick leave in the definition of salary, as long as the municipality has agreed by ordinance to make the contributions necessary to fund the additional benefits payable due to this inclusion. Although the provision above was enacted, in my opinion, with a focus on the increased benefits payable by such inclusion, and not on whether a deduction of the six percent should be allowed on such amounts, the new provision, in authorizing the inclusion of such sick leave payments within the definition of "salary," has authorized, in these limited instances, the deduction of the six percent from these payments. The deduction from the sick leave payments is allowed, however, only in those cities which have agreed to treat sick leave payments as "salary" and to provide extra funding to cover the increased benefits payable.
As a final matter, I should note that in my opinion the "city's match" of the six percent is not to be deducted under any circumstances from the sick leave payments. The statutes provide that "any municipality . . . in which a firemen's pension and relief fund is established shall contribute to the firemen's pension and relief fund an amount: . . . [n]ot less than six percent (6%) of the fire fighter's salary. . . ." The city's contribution is not to be deducted from the "salary" of the firefighter.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh